UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGAN VICKERY )<br>)<br>      Plaintiff      )<br>)<br>vs.    )<br>)<br>ALLIANCE ONE )<br>RECEIVABLES MANAGEMENT,)<br>INC      )<br>      Defendant    )<br>_____) | Case Number<br><br>CIVIL COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Regan Vickery, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Regan Vickery, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and has an address in the District.

### III. PARTIES

4. Plaintiff, Regan Vickery, is an adult natural person residing at 310 SE Park Avenue, Corvallis, OR 97333. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Alliance One Receivables Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the state of Oregon with its principal place of business located at 4850 E. Street Road, Ste. 300, Feasterville Trevose, PA 19053-6643.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about October 13, 2010, Plaintiff started to receive calls from Defendant's agent, "Carissa", collecting on an alleged debt owed to Citibank (South Dakota) NA.

8. Plaintiff was not informed by the Defendant during this call where the agent was calling from.

9. Defendant's agent, "Carissa", informed the Plaintiff that she owed approximately $10,826.00 on this account.

10. On or about the same day, Plaintiff's mother received a call to her home in New Jersey from Defendant claiming they were looking for the whereabouts of her daughter.

11. Plaintiff's mother asked Defendant what the call was about, Defendant's agent stated that the Plaintiff knows what it's about and that she just needed to have her call back.

12. Defendant's agent hung up on Plaintiff's mother.

13. On or about October 14, 2010, Plaintiff's mother received a second call from the Defendant again looking for her daughter despite the fact that they had Plaintiff's phone number and had already made direct contact with her.

14. During that call, Plaintiff's mother informed the Defendant that her daughter did not reside with her and that she had not lived in New Jersey in Ten (10) years.

15. Plaintiff's mother informed the Defendant that she would not give them any further information and that they needed to stop calling her home.

16. Defendant asked Plaintiff's mother to ask her daughter to call them.

17. Plaintiff's mother again asked if the Plaintiff would know what the calls were about.

18. Defendant's agent responded that Plaintiff better know why he is calling, but told Plaintiff's mother that she still better tell her it's important.

19. Defendant and their agents continue to place calls to Plaintiff's mother's home, however, she has stopped answering the calls.

20. On or about October 19, 2010, Plaintiff received a notice from the Defendant informing her that the above account had been referred to their office and that as of that date the Plaintiff owed the total balance due of $11,274.74. **See Exhibit 'A" (notice) attached hereto**.

21. During this same time, Plaintiff also continued receiving calls to her personal cell phone attempting to collect on the above stated debt from the Defendant.

22. On or about November 3, 2010, Plaintiff received another call from Defendant collecting in this matter.

23. On or about November 9, 2010, Defendant called Plaintiff again attempting to set up payment arrangements on this debt.

24. On or about November 15, 2010, Plaintiff received a call from Defendant's agent, "Carissa", who told the Plaintiff that she needed to make a payment right away on this account and that she was not going to stop calling until the Plaintiff did.

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

26. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

27. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

28. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692b(2) | | Contact of Third Person: Stated that the consumer owes any debt |
| §§ 1692b(3) | | Contact of Third Person: contacted the person more than once, unless requested to do so |
| §§ 1692c(b) | | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Alliance One Receivables Management, Inc., Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.       Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                              Respectfully submitted,

                              WARREN & VULLINGS, LLP

**Date: November 17, 2010**       BY:     */s/ Bruce K. Warren  BKW4066*
                                                       Bruce K. Warren, Esquire

                                                     */s/ Brent F. Vullings  BFV8435*
                                                     Brent F. Vullings, Esquire

                                                     Warren & Vullings, LLP
                                                     1603 Rhawn Street
                                                     Philadelphia, PA  19111
                                                     215-745-9800   Fax 215-745-7880
                                                     Attorney's for Plaintiff